**ZHEN GUANG JIANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

No. 12–2225.

United States Court of Appeals, Second Circuit.

Nov. 6, 2013.

Theodore N. Cox, New York, NY, for Petitioner.

Stuart F. Delery, Acting Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel; Colin J. Tucker, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, RALPH K. WINTER and SUSAN L. CARNEY, Circuit Judges.

### SUMMARY ORDER

Zhen Guang Jiang, a native and citizen of the People's Republic of China, seeks review of a May 21, 2012, decision of the BIA denying his motion to reopen. *In re Zhen Guang Jiang,* No. A073 611 310 (B.I.A. May 21, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case. We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005)

(per curiam). We find no abuse of discretion in this case.

There is no dispute that Jiang's 2011 motion to reopen, his third such motion, was both untimely and number-barred. *See* 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). To the extent Jiang contends that the time and numerical limitations do not apply because his motion was "based on changed circumstances arising in" China, 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii), his arguments are unpersuasive.

Initially, the basis of Jiang's motion to reopen—his renewed claim for asylum based on his conversion to Christianity in the United States—is a change in personal circumstances arising in the United States, not a change of conditions arising in China. *See* 8 C.F.R § 1003.2(c); *see also Yuen Jin v. Mukasey,* 538 F.3d 143, 155 (2d Cir. 2008); *Wei Guang Wang v. BIA,* 437 F.3d 270, 273–74 (2d Cir.2006). Moreover, as Jiang points to no background evidence describing conditions in China in 1997, substantial evidence supports the BIA's conclusion that he failed to demonstrate changed conditions since the time of his last hearing. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008) (reviewing BIA's factual findings regarding changed country conditions under the substantial evidence standard); *Matter of S–Y–G–,* 24 I. & N. Dec. 247, 253 (BIA 2007).

As the BIA's finding that Jiang's motion was both untimely and number-barred is dispositive of his petition for review, we decline to consider the BIA's alternate finding that he failed to establish his *prima facie* eligibility for relief. *See INS v. Bagamasbad,* 429 U.S. 24, 25, 97 S.Ct. 200, 50 L.Ed.2d 190 (1976).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that

the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).